

FILED
MAY 8 2012
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID DEAN LARGO (1), and JUAN OBESO (2),<br><br>　　　　Defendants. | Criminal Case No. 12 cr 1284-MMA<br>Mag. Docket No.   12 mj 0889<br><br>**ORDER FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS FELIPE BARRERAS-RUIZ**<br><br>JUDGE:  Hon. Karen S. Crawford<br>CRTRM: F<br><br>DATE: May 8, 2012<br>TIME:  9:30 a.m. |

　　　　Upon request of material witness FELIPE BARRERAS-RUIZ (hereinafter "material witness" or the "witness") and his counsel, Gayle Mayfield-Venieris, and good cause appearing:

　　　　1.　　Unless the material witness is previously released from custody of both the U.S. Marshall and the United States Border Patrol, the material witness shall be deposed on _June 14_, 2012 at _10:00_ ~~p.m.~~/a.m. The deposition will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California, 92101. An employee of the U.S. Attorney's office shall serve as the video operator.

　　　　2.　　All parties, meaning the United States and the defendants, shall attend the material witness deposition. The United States Marshal's Service shall bring the material witness to the deposition and remain present during the proceedings. If in custody, the

1 of 5

United States v. Largo, et al. (12 cr 1284-MMA)(12 mj 0889)
ORDER FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS

defendants shall be brought separately to the deposition and a marshal shall remain present during the proceeding.

3. The United States Attorney's Office shall arrange for a federally court-certified interpreter, or otherwise qualified interpreter (28 U.S.C. §1827(c)(2)) to be present for the material witness, if necessary. The cost of the interpreter for the material witness shall be borne by the United States Attorney's Office.

4. If the defendants need an interpreter other than the interpreter for the material witness (if any), then defense counsel shall arrange for a federally court-certified interpreter to be present. The cost of a separate interpreter for the defendants shall be paid by the court.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6. The deposition shall be recorded by video recordation.

7. The operator shall select and supply all equipment required to video record and audio record the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of each witness' testimony and the statements of counsel. The witness, or any party to the action, may object on the record to the manner in which the operator handles any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the video and/or audio record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objections.

8. The deposition shall be recorded in a fair, impartial, objective manner. The video equipment shall be focused on the witness; however, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witness during the deposition.

2 of 5

United States v. Largo, et al. (12 cr 1284-MMA)(12 mj 0889)
ORDER FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303

9. Before examination of the witness begins, the Assistant U.S. Attorney shall state on the record his/her name; the date, time, and place of the deposition; the name of the witness; the identity of the parties and the names of all person present in the deposition room. The court reporter shall then swear the witness on the video record. Prior to any counsel beginning an examination of the witness, that counsel shall identify himself/herself and his/her respective client on the record. If more than one video recording is used, the Assistant U.S. Attorney shall repeat the information required at the beginning of this paragraph.

10. Once the deposition begins, the operator shall not stop the video recorder until the deposition concludes, except that any party or the witness may request a brief recess, which request will be honored unless another party objects and specifies a good faith basis for the objection on the record. Each time the record is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one tape, the operator shall sequentially identify on the record the end and beginning of each tape.

11. Testimonial evidence objected to shall be recorded as if the objection had been overruled. The Court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the Court to consider. All objections shall be deemed waived unless made during the deposition.

12. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in non-stenographic audio/visual format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. See Fed. R. Civ. P. 32(c).

13. Copies of all exhibits utilized during the video recorded deposition shall be marked for identification during the deposition and filed along with the video record.

14. At the conclusion of each deposition, the Government and defendants will advise the material witness' attorney 1) if they waive entirely the requirement that the material witness review and sign a transcript of the deposition under oath before release; or 2) if they agree the material witness may review the video recording of the deposition and make changes or attest to

3 of 5

United States v. Largo, et al. (12 cr 1284-MMA)(12 mj 0889)
ORDER FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS

there being no changes in a writing signed under oath in lieu of reviewing and signing under oath a transcript pursuant to Fed.R.Crim.P. 15(a)(2); or 3) if there is no such agreement to modify the transcript reviewing requirement of Fed.R.Crim.P. 15(a)(2).

15. At the conclusion of each deposition, the Government and defendants will also advise the material witness' attorney if they intend to object to the release of the material witness. If there is no objection, the Government and defense attorneys will immediately approve an order for the material witness' release from custody, which order shall be conditioned on the material witness reviewing and signing under oath a transcript of the deposition, unless the parties have reached another agreement. Prior to release from custody, the attorney for the Government shall serve the material witness with a subpoena for the trial date and a travel fund advance letter, and written authorization to enter the United States to testify at trial.

16. If any party objects to the release of the material witness from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned to the case or to such other district judge or magistrate judge as they designate within four business hours after the deposition is concluded. At the hearing, the objecting party must be prepared to show why the release of the material witness is not appropriate under 18 U.S.C. § 3144. If, after the hearing, the Court orders the release of the material witness, the material witness' attorney shall immediately present the release order to the Court for signature and filing, which order shall be conditioned on the material witness reviewing and signing under oath a transcript of the deposition, unless the parties have reached another agreement. Before the release of the material witness from custody, the Government shall serve the material witness with a subpoena for the trial date and a travel fund advance letter, and written authorization to legally enter the United States to testify at trial.

17. The operator shall provide a copy of the video recorded deposition to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the operator shall deliver the original video recording to the notary along with a certificate signed by the operator attesting that the video record is an accurate and complete record of the video recorded deposition.

18. The notary shall file with the Clerk of the Court in a sealed envelope the original video recording, along with any exhibits offered during the deposition. The sealed envelope shall be marked with the caption of the case, the name of the witness, and the date of the deposition. To that envelope, the notary shall attach the sworn statement that the video recording is accurate and complete record of the recorded deposition and certification that the witness was duly sworn by the officer.

19. To the extent that the procedures set forth herein for the videotaping vary from those set forth in Rules 28 and 30 Fed.R.Civ. P. and Rule 15 of Fed.R.Crim.P., these variations are found to be for good cause shown as allowed by F. R. Civ. P. 29.

20. Unless waived by the parties, the notary shall give prompt notice to all parties of the filing of the video recorded deposition with the Court pursuant to Federal Rule of Civil Procedure 30(f)(3).

**IT IS SO ORDERED**.

Dated: 5/8/12

HON. KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

5 of 5

United States v. Largo, et al. (12 cr 1284-MMA)(12 mj 0889)
ORDER FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS